### DAVE COLEMAN v. THE STATE.

#### No. 4055.   Decided October 14, 1908.

**1.—Local Option—Charge of Court—Mistake of Fact.**

Where upon trial for a violation of the local option law, the defendant contended that by mistake he delivered beer instead of ino to the prosecuting witness, and the court charged that if the defendant through mistake delivered

Vol. 54 Crim.—26.

beer instead of ino through no want of proper care on his part to acquit, there was no error.

**2.—Same—Sufficiency of the Evidence.**

Where upon trial for a violation of the local option law the evidence showed that the sale was made to the party alleged in the information and not to another party as the defendant claimed, the conviction was sustained.

Appeal from the County Court of Coleman.    Tried below before the Hon. F. M. Bowen.

Appeal from a conviction for a violation of the local option law; penalty, a fine of $50 and fifty days confinement in the county jail.

The opinion states the case.

*Woodward & Baker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for violating the local option law, and his punishment assessed at a fine of $50 and fifty days imprisonment in the county jail.

Appellant was indicted for selling whisky to W. E. Edgerton. The witness Edgerton testified that he in company with a man named Dickinson, about sundown, drove up to the club house of appellant, and found him sitting in front of the door, and the house was locked.    Dickinson asked appellant if he had anything to drink.    Appellant replied, "Yes, if you have got the money." The witness and Dickinson were in a buggy at the time.    Dickinson said he did not have any money, but that Edgerton had a check book, and asked if that would do.    Appellant replied, "Yes," and the witness and defendant went into the house and defendant delivered to him six bottles of Budweiser beer, for which the witness gave him a check on the First National Bank of Coleman, Texas, for 90 cents.    Appellant's defense was that he had ino and beer in the same ice box and that he kept the beer on one side and the ino on the other; that the beer was intoxicating and ino was not, and that by mistake he delivered the witness beer for ino, but that he intended to deliver him ino, and that he did not intend to sell him the beer.    The court in substance charged the jury that if appellant intended to deliver ino and through mistake delivered him beer, and that the same grew out of no want of proper care on his part, that they should acquit the appellant.    Appellant asked a special charge to the effect that if the liquor delivered by appellant was Budweiser, but appellant thought or through a mistake delivered to said Edgerton the same under the belief that he was delivering ino they would acquit.    The statute provides that in order for a man to avail himself of a mistake of fact, the same must arise from no want of proper care.    We think the charge was correct, and there was no error in refusing appellant's special charge.

Appellant insists there is a variance in the proof and that the sale was made to Dickinson and not to Edgerton, but we do not see proper to set this matter out in detail, but suffice it to say the evidence clearly shows that the sale was made to Edgerton. He received the goods and paid the check for same.

Various other matters are urged, but we do not deem it necessary to discuss them further in this opinion. For a further discussion of them see Dave Coleman v. State, No. 3640, decided at last Austin Term.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*