### Mary Mollenkopf v. State.

No. 2106.   Decided December 4, 1912.

**1.—Occupation—Selling Intoxicating Liquors—Local Option.**

Where the State's testimony did not show that defendant engaged in the occupation of selling intoxicating liquors in local option territory, but defendant took the stand and admitted that she had sold considerable quantities of wine or grape juice, the case, if otherwise sufficient, was made out to support a verdict that she was engaged in such occupation.

**2.—Same—Intoxicating Liquors—Non-intoxicating Liquors—Mistake of Fact —Charge of Court.**

The mistake of fact provided for under Articles 45 and 47, Penal Code, which will excuse, must be such that the person would have been excusable if his conjecture as to the fact had been correct and did not arise from a want of proper care, and the simple belief of defendant that the alleged liquor was not intoxicating does not raise that issue, and there was no error in refusing a charge on this question. Following Coleman v. State, 54 Texas Crim. Rep., 401.

**3.—Same—Charge of Court—Intoxicating Quality an Issue—Grape Juice.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the State's testimony showed that the liquor was intoxicating and the defendant's testimony showed that it was not, but only grape juice, the charge of the court should have submitted this issue as requested.

**4.—Same—Charge of Court—Definition of Occupation.**

Where the jury could infer from the court's charge that proof of two sales of intoxicating liquors in local option territory would in and of itself constitute a business or occupation, the same was improper, and the court should submit the proper definition of occupation in a prosecution of this kind.

**5.—Same—Proof Required—Two Sales—Occupation.**

In prosecutions for pursuing the occupation of selling intoxicating liquors in local option territory, the State must show that the person charged with the offense is engaged in such occupation, which may be proven by circumstances, and also prove that two sales of intoxicating liquors have been made to persons named in the indictment.

Appeal from the District Court of Eastland. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. R. Stubblefield,* for appellant.—On the question of occupation: Whitehead v. State, 66 Texas Crim. Rep., 482; 147 S. W. Rep., 583; Love v. State, 31 Texas Crim. Rep., 469; Thomas v. State, 66 Texas Crim. Rep., 374; 147 S. W. Rep., 262.

On question of intoxicating liquors and the court's failure to charge on mistake: Marton v. State, 57 Texas Crim. Rep., 149; Newman v. State, 55 id, 376; McRoberts v. State, 49 id, 288.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of pursuing the occupation or business of selling intoxicating liquor in prohibition territory, and her punishment assessed at two years confinement in the State penitentiary.

Ed Houston testified: ''On or about the 18th day of December, 1910, I bought some wine from Mary Mollenkopf. I pronounced that wine intoxicating. I bought about two or three gallons, paying her two dollars a gallon. I drank the wine and it intoxicated me.''

C. P. Houston testified: ''On or about the 20th day of December, 1910, I bought some wine from Mary Mollenkopf. I bought a gallon and paid her $2 for it. I also bought some wine from her about December 26th, getting a gallon and paying her $2 for it. I·think the wine I bought from her was intoxicating. I drank some of it. It seemed to intoxicate me to some extent. About the best I could express it, it made me dizzy.''

This was all the testimony offered in behalf of the State, and if the defendant had also rested her case, we would feel inclined to sustain her contention that the evidence would not sustain the conviction—that it did not show she was engaged in the business or occupation of selling intoxicating liquors. However, defendant herself took the stand and on cross-examination admitted she had sold considerable quanti-

ties of the wine, or grape juice as she called it, and taking her testimony, in connection with that offered by the State, the testimony would support a verdict that she was engaged in the business of selling this liquor for profit. Among other things, she testified: "Mary Mollenkopf is my name. I live seven miles south of Cisco. I was born in Germany. I am forty-five years old. I have been in this country twenty-one years. I am now, at this time, engaged in farming. I have been farming here in Eastland County about five years. Along about December of 1910, at that time, I was engaged in picking cotton. I was farming,—gathering my crop. At that time I made a living farming. I raised corn and cotton and had a little vineyard and I sold some grapes. At that time I had to do the farm work myself. I didn't have anybody else to do it. I picked cotton and hoed the cotton and everything. I can't do the plowing. I am too old. Along about that time, I did some of the plowing. I helped to haul off and market my cotton and things of that kind. The farming out there was my dependence for making a living. I had no other means of getting a living. I did not sell any intoxicating liquors. Ed Houston came to me along in July and asked me if I could make him some grape juice. I told him I could make it and that he could get it if he would come after it. I let him have it. He paid me two, dollars a gallon for it. Grape juice is made by heating. It is not intoxicating. When I let him have this, it was not intoxicating. I remember the Cap Houston transaction. It was the same like Mr. Ed. Cap Houston came to me and told me to make his some grape juice, so many gallons, and he came after it and he didn't pay me for it. I didn't let him have the next one. I let him have it two times. He paid me two dollars for one gallon and the next time he came, I didn't let him have it. He didn't pay me that next one. When I let him have that grape juice, it was not intoxicating, because heated juice cannot be intoxicating; that is the heated stuff. I did not intend to violate the law in any respect. I did not intend to violate the laws of my country." Thus the issue was squarely presented whether it was wine she sold or grape juice; whether or not it was intoxicating. The State's witnesses said it was wine and would intoxicate; she said it was grape juice and would not intoxicate.

The record being in this condition, appellant asked the court to give a number of special charges, but we do not deem it necessary to take up and discuss each of them, but rather treat the issues they seek to have presented. In the first instance, appellant asked the court to instruct the jury that even though they believe the beverage she sold was intoxicating, yet if they believed, or had a reasonable doubt of the fact, she did not know it was intoxicating, to acquit her, and cites us to Articles 45 and 47 of the Penal Code, in which it is provided, that "no act done by accident is an offense except where there has been a degree of carelessness or negligence which the law regards as criminal. * * * The mistake as to fact which will excuse must be such that the person so acting under a mistake would

have been excusable had his conjecture as to the fact been correct; and it also must be such a mistake as does not arise from a want of proper care on the part of the person committing the offense.'' We do not think the evidence brings this case within the purview of the meaning of those articles of the Code. Appellant made a sale of the article she intended to sell, and the fact she states that she did not believe it would intoxicate, is not in and of itself enough to suggest this issue. She knew it was an offense to sell intoxicating liquor in Eastland County, and the evidence, to raise this question, should have gone further and shown that she had used ''proper care'' to ascertain whether or not it was intoxicating before offering to sell it. It should show she made proper investigation, and not merely relied on her belief in the matter. Coleman v. State, 54 Texas Crim. Rep., 401.

The other issue raised by the special charges is one of more doubt. Appellant testified that the beverage was grape juice; was made by boiling the juice of the grape, and that it would not intoxicate. It is a matter of common knowledge that in all parts of our State there is an article of commerce sold as a beverage known as grape juice that has no intoxicating qualities. As to its ingredients, or the mode and manner of its manufacture, we have no information. The State's witnesses swore this was wine and would intoxicate. Appellant testified positively it was not wine, but grape juice, and manufactured by boiling the juice of grapes, and would not intoxicate. We are inclined to the opinion that she had a right to have this defense affirmatively presented to the jury for their determination. The court did not do so, and refused the special instructions presenting this issue. The jury should have been told that if they believed from the evidence that the beverage sold was grape juice and that it would not produce intoxication, or they had a reasonable doubt of that fact, to acquit her. The issue in the case was whether or not the beverage was intoxicating. She admitted making the sales as alleged, but contested this issue, and it should have been pertinently presented to the jury for their determination, and a failure to do so will necessitate a reversal of the case. And as the case will be reversed on this issue, we would call attention of the court to another part of his charge whereby the jury may have been misled. In defining business or occupation, the court instructed the jury: ''In order to constitute the engaging in or pursuing the occupation or business of selling intoxicating liquors, within the meaning of the law, it is necessary to prove that the defendant made at least two sales of intoxicating liquor in Eastland County, Texas, during the month of December, 1910. By the term 'business' and 'occupation' is meant a calling, trade or vocation which one engages in for the purpose of making a living or obtaining wealth.'' It is insisted that this charge is confusing and misleading, and the jury would infer that proof of two sales would in and of itself constitute a business or occupation. The latter part of this charge is a definition more burdensome upon the State and

more favorable to defendant than required under this Act of the Legislature. (Fitch v. State, 58 Tex. Crim. Rep., 366; 127 S. W. Rep., 1040.) In the Fitch case the question is discussed at length ably, and the charge, if it thus defined "business" or "occupation," and then followed it up by an instruction that if the jury believed one engaged in the business *and made two sales,* it would not be subject to criticism. On another trial a proper definition of occupation or business should be given without reference to the number of sales it would take to constitute one engaging in the occupation, and the jury told if a person engaged in this business or occupation, and made two sales, they would be guilty. In other words, the burden is upon the State to prove, first, that the person charged with the offense is engaged in the business and occupation of selling intoxicating liquors, and this may be proven by facts or circumstances the same as proving that a person was engaged in any other character of business, and then prove in addition to this, that two sales of intoxicating liquor had been made to persons named in the indictment. There are two facts to be proven under the law defining this offense, and that is a person is engaged in the business, and the other is that such person made two sales while engaged in such business. They may be isolated sales, if one is proven to be engaged in that business or occupation by other facts and circumstances. The law so provides. In some cases two sales, with other facts and circumstances in the case, may authorize a jury to find that a person was engaged in that business, while in another case two sales, with no other facts or circumstances in the case, may not justify such a finding. Each case must stand upon the evidence in that case. The evidence in this case would support a finding that if the beverage sold was intoxicating, the appellant made many sales and was engaged in the business of selling it, and this instruction, although subject to criticism, would not alone present reversible error, but inasmuch as the case will be reversed on other grounds, we call attention to it that it may be eliminated on another trial.

We do not deem it necessary to discuss the other questions raised, as the opinion herein rendered will indicate the proper disposition of them.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*